## STATE v. CHARLES B. BEERY.[1]

January 24, 1930.

No. 27,758.

*Dan E. Richter,* for appellant.

*Neil M. Cronin,* City Attorney, and *Arthur P. Jensen,* Assistant City Attorney, for the state.

[1]Reported in 228 N. W. 925.

TAYLOR, C.

The complaint charges that defendant wilfully, wrongfully and unlawfully engaged in and carried on the business of plumbing in the city of Minneapolis, and made connections with waterpipes and sewer mains and installed plumbing fixtures without having a license from the city to do such work, contrary to an ordinance of the city. He was found guilty and appeals.

Defendant supervised the work of remodeling a large apartment or hotel building owned by a corporation of which he was an officer. One Adolph Martin applied to him to do the plumbing work. He knew that Martin had done plumbing work in the city some years before and hired him at a stated sum per hour. Martin proceeded to do the work. Before it was fully completed the plumbing inspector came to the building and finding Martin at work told him he would have him arrested for doing plumbing without a license. Two days later he had a warrant issued for Martin, but Martin could not be found. He then made the complaint against defendant on which this prosecution is based.

There was no claim at the trial that defendant was ever engaged in the plumbing business or ever personally did any plumbing work. He claimed that, knowing that Martin had previously done plumbing work in the city, he believed that Martin was a qualified and licensed plumber and was justified in so believing. The evidence goes no further than to show that defendant supervised the remodeling of the building as the representative of the owner; that he hired Martin to do the plumbing work without knowing whether he had a plumber's license and purchased some of the material for the plumbing; and that Martin did not in fact have a plumber's license.

In our opinion the evidence will not warrant a finding that defendant did any act in violation of the ordinance, or had any intention to violate it, or knew that it was being violated by Martin, and is insufficient to sustain the conviction.

Judgment reversed.